UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS UNITED,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br><br>　　　　　　Defendant. | Civil Action No. 22-2443 (CRC) |

**JOINT STATUS REPORT**

Pursuant to the Court's June 1, 2023, Minute Order, Plaintiff Citizens United and Defendant U.S. Department of the Interior ("DOI"), by and through undersigned counsel, hereby submit this Joint Status Report. The parties report as follows:

1. Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking DOI records from the Assistant Secretary for Indian Affairs ("AS-IA"), the Office of the Solicitor ("SOL"), and the Office of the Secretary ("OS"). *See generally* ECF 1, Compl. Defendant filed its answer on November 18, 2022. *See* ECF 6, Answer.

2. Plaintiff's FOIA request sought records relating to Executive Order ("EO") 14019, "Executive Order on Promoting Access to Voting" (Mar. 7, 2021). EO 14019 directed, in part, "Within 200 days of the date of this order, the head of each agency shall submit to the Assistant to the President for Domestic Policy a strategic plan outlining the ways identified under this review that the agency can promote voter registration and voter participation." *Id*., Sec. 3(b).

3. Defendant's production on January 31, 2023 produced, *inter alia*, its response to EO 14019 that was submitted to the White House, but the production redacted entirely the body of that document, claiming withholding release under Exemption 5. The accompanying transmittal

letter explained that "The materials have been withheld under the presidential communications privilege of Exemption 5."

4. In *America First Legal Foundation v. U.S. Department of Agriculture, et al.*, Civ. A. No. 22-3029 (D.D.C.) (BAH), plaintiff sought responses to EO 14019 from a variety of agencies, including the Department of Interior. The government filed a motion for summary judgment, and on July 18, 2023, Judge Beryl A. Howell granted the government's motion for summary judgment.

5. The parties jointly requested this Court to hold this case in abeyance pending resolution of the motion for summary judgment in *America First Legal Foundation*, as this case and *America First Legal Foundation* involve the DOI's withholding of the same agency record for the same reasons. This Court granted that request on June 1, 2023.

6. On July 28, 2023, the plaintiff in *America First Legal Foundation* filed a notice of appeal of Judge Howell's opinion. *See* D.C. Cir. Docket No. 23-5173.

7. Plaintiff remains interested in the documents responsive to its FOIA request but are currently being withheld, including, but not limited to, DOI's response to EO 14019, which document is at issue in *America First Legal Foundation*. For the same reasons that this Court granted the parties' request to hold the case in abeyance, the parties jointly request that the Court continue holding this case in abeyance pending a decision of the D.C. Circuit in the case identified above. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (A court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings). Judicial economy would best be served by allowing those courts to first resolve that appeal, which will undeniably impact how the parties proceed in this matter, including possibly resolution of the case without the need to proceed on motions for summary judgment. *See, e.g.*, Order, *Woodward Health*

*Sys., LLC v. Becerra*, Civ. A. No. 20-3098 (JEB), at *2 (D.D.C. Feb. 23, 2022) (a stay would provide most "efficient use of party and judicial resources," and it "would [] seem imprudent for this Court not to wait to hear what the D.C. Circuit has to say"); *Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 233 F. Supp. 3d 69, 88 (D.D.C. 2017) ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency.").

8. Consequently, in the interest of judicial economy and efficiency, the parties request that this Court issue an order staying all deadlines in this case until the D.C. Circuit has issued a decision in *America First Legal Foundation*, No. 23-5173.  After a decision is issued, the parties will immediately notify the Court.

Dated: August 1, 2023                     Respectfully submitted,

/s/ *Jeremiah L. Morgan*                  MATTHEW M. GRAVES, D.C.
Jeremiah L. Morgan                        D.C. Bar # 481051
D.C. Bar # 1012943                        United States Attorney
WILLIAM J. OLSON, P.C.
370 Maple Avenue West Suite 4             BRIAN P. HUDAK
Vienna, VA 22180                          Chief, Civil Division
(703) 356-5070
jmorgan@lawandfreedom.com                 /s/ *Stephanie R. Johnson*
                                          STEPHANIE R. JOHNSON
*Counsel for Plaintiff*                   D.C. Bar # 1632338
                                          Assistant United States Attorney
                                          601 D Street, N.W.
                                          Washington, D.C. 20530
                                          (202) 252-7874
                                          Stephanie.Johnson5@usdoj.gov

                                          *Attorneys for Defendant*